IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CIMARRON TELEPHONE COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No.  CIV-11-884-D |
| SOUTHWESTERN BELL TELEPHONE COMPANY d/b/a AT&T OKLAHOMA, | ) ) ) ) |
| Defendants. | ) |

**O R D E R**

Plaintiff Cimarron Telephone Company, Inc. is suing Defendant Southwestern Bell Telephone Company, d/b/a AT&T Oklahoma, to recover money allegedly owed under a memorandum of understanding, and an order of the Oklahoma Corporation Commission, Order No. 454045 (the "Order"), establishing a method by which Plaintiff and other Incumbent Local Exchange Carriers ("ILECs") are paid for calls received from Defendant and delivered to local customers in Oklahoma. Invoking diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff seeks damages for Defendant's alleged breach of contract and violation of the Order, and a declaratory judgment that Defendant must make future payments to Plaintiff (and other ILECs) in accordance with Plaintiff's reading of the Order.

Defendant has moved to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Defendant does not contest the existence of diversity jurisdiction, but asserts that the Oklahoma Corporation Commission "'has exclusive jurisdiction to determine questions of compliance and/or construction, adjustment, modification or suspension of its orders.'" *See* Def.'s Motion [Doc. No. 12] at 4 (quoting *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 946 (10th

Cir. 1995)). Defendant also argues that the Commission is "uniquely qualified" and "uniquely equipped" to determine the compliance issues raised by Plaintiff's pleading. *See id*. at 3-4. Plaintiff disagrees, arguing that its action is simply one to determine private rights and to obtain an award of money damages, which are matters outside the Commission's jurisdiction. Plaintiff contends that the cases cited by Defendant involve the regulation of the oil and gas industry, which implicates correlative rights in common sources of supply and the protection of public interests. In reply, Defendant disputes Plaintiff's view of the Order, which affects thirty ILECs in Oklahoma, and Plaintiff's view of the Commission's regulation of telecommunications carriers.

Neither party addresses the doctrine of primary jurisdiction. This doctrine allows a district court with subject matter jurisdiction over a claim to stay or dismiss the claim until the appropriate administrative agency has ruled on the matter. *See Reiter v. Cooper*, 507 U.S. 258, 268-69 (1993). The purpose of the doctrine is "'to allow an agency to pass on issues within its particular area of expertise before returning jurisdiction to the federal district court for final resolution of the case.'" *See TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1238 (10th Cir. 2007) (quoting *Crystal Clear Commc'ns, Inc. v. Southwestern Bell Tel. Co*., 415 F.3d 1171, 1179 (10th Cir. 2005)). Within the Tenth Circuit, a district court may properly invoke the doctrine of primary jurisdiction if "the issues of fact in the case: (1) are not within the conventional experience of judges; (2) require the exercise of administrative discretion; or (3) require uniformity and consistency in the regulation of the business entrusted to the particular agency." *See id*. at 1239 (internal quotation omitted). The decision to invoke the doctrine is discretionary, and should be made on a case-by-case basis after considering "whether 'the reasons for the existence of the doctrine are present and whether the purposes it serves (i.e., uniformity and resort to administrative expertise) will be aided by its application in the particular litigation.'" *See id.* (quoting *United States v. W. Pac. R.R.*, 352 U.S. 59,

64 (1956)). The court may invoke the doctrine *sua sponte*, and its invocation is not waived by failure of the parties to argue it. *See Distrigas of Massachusetts Corp. v. Boston Gas Co.*, 693 F.2d 1113, 1117 (1st Cir. 1982).

Because this case involves regulation of the telecommunications industry in Oklahoma, which is entrusted to the Commission by the Oklahoma Constitution, Okla. Const. art. 9, § 18, and because the central issue is the proper interpretation and application of the Commission's Order involving thirty ILECs, the Court is inclined to find that the doctrine of primary jurisdiction should be invoked. Before making this determination, however, the Court believes that the parties' views should be considered and that their arguments may be helpful.

IT IS THEREFORE ORDERED that the parties shall simultaneously file supplemental briefs, to address only the doctrine of primary jurisdiction, within 14 days of the date of this Order.

IT IS SO ORDERED this 7th day of August, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE